JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAYO BROWN, pleading on his own behalf and on behalf of all other similarly situated consumers,

(b) County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Gold & Ferrante, P.C., 261 Old York Road, Suite 526, Jenkintown, PA 19046
215-872-5127, aferrante1@verizon.net

## DEFENDANTS
FIRSTSOURCE ADVANTAGE, LLC.

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq.
Brief description of cause:
unfair and deceptive debt collection

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 12/26/2017
SIGNATURE OF ATTORNEY OF RECORD
/s/ Alexander R. Ferrante

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Dayo Brown, pleading on his own behalf and on behalf of all other similarly situated consumers | : | CIVIL ACTION |
| v. | : | |
| Firstsource Advantage, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| 12-26-2017 | Alexander R. Ferrante | Dayo Brown |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 1-215-872-5127 | 1-215-885-5283 | aferrante1@verizon.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

Civil Justice Expense and Delay Reduction Plan
Section 1:03 - Assignment to a Management Track

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
(See §1.02 (e) Management Track Definitions of the
Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **972 Carver ST. Philadelphia, PA 19124**

Address of Defendant: 205 Bryant Woods South, Amherst, New York, 14228

Place of Accident, Incident or Transaction: Philadelphia, PA

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No☐

Does this case involve multidistrict litigation possibilities?    Yes☐    No☐
RELATED CASE, IF ANY: None
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify) 15 U.S.C. section 1692 et seq. Fair Debt Collections Practices Act

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
(Check Appropriate Category)

I, Alexander R. Ferrante, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 12-26-2017        _____Attorney-at-Law_____        45381 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12-26-2017        _____Attorney-at-Law_____        45381 Attorney I.D.#

CIV. 609 (5/2012)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAYO BROWN, pleading on his own behalf and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>FIRSTSOURCE ADVANTAGE, LLC<br><br>Defendant. | Case No.:<br><br><br><br>CLASS ACTION COMPLAINT |

Plaintiff, Dayo Brown, alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a resident of Philadelphia, Pennsylvania and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant Firstsource Advantage ("Firstsource" or "Defendant") is a corporation doing business in the State of Pennsylvania, with its corporate headquarters located at 205 Bryant Woods

South, Amherst, New York 14228, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

## FACTUAL STATEMENT

6.  Defendant Firstsource has engaged in debt collection attempts directed towards Plaintiff and other similarly situated consumers by masquerading as American Express which violates numerous provisions of the FDCPA, including but not limited to §1692e and its subsections by using false, deceptive, or misleading representations in connection with the collection of a debt.

7.  Defendant intentionally masquerades as American Express and uses the American Express logo on its collection letters to deceive Plaintiff, and similarly situated consumers, into believing that (a) the letters were prepared and sent by American Express; (b) that American Express can be reached at the addresses on the letters; (c) that payment sent to those addresses would be received by American Express and (d) that American Express was attempting to collect the debt referenced in the collection letters, rather than a third party debt collector.

8.  The Collection Letters sent to Plaintiff by Defendant (Exhibits A, B, C, and D collectively) display the distinctive square shaped American Express logo and even display the encircled "R" indicating the use of a registered trademark. Within each logo the text "AMERICAN EXPRESS" appears in prominent bold lettering.

9.  The American Express logo appears at the top of the letterhead and then again at the bottom portion of the Collection Letters in a payment coupon which is meant to be detached and mailed with payment.

10. The Collection Letters state they are in reference to an "American Express account" and offer to settle the alleged debt. The Letters are also signed "Sincerely, American Express Global Collections."

11. In the body of the Collection Letters, it is noted that one can contact Firstsource in order to make payment or send the payment coupon with payment to Firstsource's address; however, Firstsource is not mentioned anywhere else in the Collection Letters.

12. Upon information and belief, the numerous and explicit references to "American Express" are meant to convey to Plaintiff and the least sophisticated consumer that the Collection Letters were actually created and sent by the alleged original creditor, American Express. In reality, the Collection Letters were sent by Defendant, a third party debt collector.

13. Upon information and belief, Defendant sent the Collection Letters as American Express in an effort to avoid compliance with state and federal debt collection laws, including but not limited to the FDCPA.

14. The debt in question stems from Plaintiff's personal credit card which he used for personal, family or household uses and is therefore considered a "debt" as that term is used and defined under the FDCPA.

15. Upon information and belief, in an attempt to collect said debt, Defendant sent a letter to Plaintiff on December 30, 2016. Exhibit A. This letter contains the American Express logo and a post office box in Lehigh Valley, PA is noted in the upper right hand corner. The letter is signed from American Express Global Collections. Upon information and belief, this is false as the letter is actually from Defendant.

16. Exhibit A is the first collection letter which Plaintiff received regarding the subject debt from a third party debt collector. The letter does not identify that it is from a debt collector or that it was sent for the purposes of debt collection. It also fails to provide the 30 day dispute language as required under Section g the FDCPA.

17. On February 2, 2017, Defendant Firstsource sent a collection letter to Plaintiff on its own letterhead indicating that the account had been placed with their office for collections. The

3

coupon portion of the letter indicates Plaintiff should make payment to Firstsource Advantage, LLC with a post office box in Buffalo, NY. Exhibit E.

18. Upon information and belief, on March 3, 2017, Defendant Firstsource sent another letter to Plaintiff. This letter offers Plaintiff the option of receiving an Optima Card application if he pays his American Express balance in full. *See* Exhibit B. In the upper right hand corner there is the American Express logo with a post office box in Ft. Lauderdale, FL 33329. This post office box is different than the addresses noted in Exhibit A and E. In this letter, upon information and belief, Defendant further pretends that they are actually American Express by offering Plaintiff the opportunity to open a new credit card.

19. This letter, while signed from "American Express Global Collections," states clearly in the middle of the page: "Act now by calling Firstsource Advantage LLC at 877-426-5514 to arrange for payment of your account." *See* Exhibit B.

20. On March 8, 2017, Defendant Firstsource sent Plaintiff another letter, signed from American Express Global Collections. *See* Exhibit C. In the upper right hand corner of the letter and the payment stub is the American Express logo although this letter does not contains a post office box address next to the upper logo. This offer again indicates that Plaintiff should call Firstsource Advantage in order to make a payment, but is signed American Express Global Collections. *See* Exhibit C.

21. Finally, on April 3, 2017, Plaintiff received yet another letter signed from American Express Global Collections. *See* Exhibit D. This letter also has the American Express logo in the upper left hand corner of the letter and payment coupon. It repeats the offer to settle the balance and encourages Plaintiff to contact Defendant to take advantage of the offer. The mail coupon also notes to make payment to Firstsource Advantage, LLC with a post office box in Buffalo, New York. *See* Exhibit D.

22. Upon information and belief, all of these letters were actually mailed to Plaintiff by Defendant Firstsource.

23. Through this conduct, Defendant violated 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; 15 U.S.C. §1692e(9) by the use and distribution of any written communication which creates a false impression as to its source, authorization, or approval; 15 U.S.C. § 1692e(10) though the use of a false representation or deceptive means to collect or attempt to collect a debt or to obtain information from a consumer; 15 U.S.C. § 1692e(14) by the use of any business, company, or organization name other than the true name of the debt collector's business or company.

24. The Collection Letters were also "communications" as that term is defined by 15 U.S.C. §1692e(11) and as such Defendant violated 15 U.S.C. §1692e(11) in that the Collection Letters failed to disclose that the letter was from a debt collector, that the Collection Letters were an attempt to collect a debt by a debt collector or that any information obtained would be used for the purpose of debt collection.

25. Finally, Defendant's first letter sent on December 30, 2016 failed to provide the validation language required under 15 U.S.C. §1692g. *See* Exhibit A

26. Defendant's violations of the FDCPA caused actual harm to the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity in violation of the Plaintiff's statutorily created rights to be free from such illegal debt collection tactics, by depriving the Plaintiff of information to which he has a legal right to, creating the risk that the Plaintiff may pay a debt he may not have otherwise chosen to pay, and by causing the Plaintiff to be subject to false, deceptive, abusive, unfair, and unconscionable means to collect a debt.

## CLASS ACTION ALLEGATIONS

### The Class

27. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

28. With respect to the Plaintiff's Classes, this claim is brought on behalf of the following classes:

> **Deceptive Class:** (a) all consumers with a Pennsylvania address; (b) that incurred a debt from American Express; (c) for which Defendant Firstsource sent one or more collection letters (d) which contained the American Express logo (e) and was signed from American Express Global Collection (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.
>
> **Validation Class:** (a) all consumers with a Pennsylvania address; (b) that incurred a debt from American Express; (c) for which Defendant Firstsource sent an initial collection letter (d) which failed to provide the mandatory validation language required under 15 U.S.C. §1692g during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.
>
> **Failure to Disclose Class:** (a) all consumers with a Pennsylvania address; (b) that incurred a debt from American Express; (c) for which Defendant Firstsource sent one or more collection letters (d) which failed to disclose the letter was from a debt collector, (e) that the letter was an attempt to collect a debt by a debt collector, (f) or that any information obtained would be used for the purpose of debt collection, (g) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

29. Excluded from the Classes is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

30. Upon information and belief, Defendant Firstsource has sent collection letters in attempt to collect a debt to hundreds of consumers throughout the State of Pennsylvania, each of which

6